1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY STEELE,

11              Plaintiff,                    No. CIV S-09-1769 LKK GGH PS

12        vs.

13   MICHAEL STEELE, et al.,                  ORDER

14              Defendants.

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15 Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19 "The pleading must contain something more...than...a statement of facts that merely creates a

20 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23 v. Iqbal, No. 07-1015, 2009 WL 1361536 at *12 (May 18, 2009).  "A claim has facial plausibility

24 when the plaintiff pleads factual content that allows the court to draw the reasonable inference

25 that the defendant is liable for the misconduct alleged."  Id.  In reviewing a complaint under this

26 standard, the court must accept as true the allegations of the complaint in question, Hospital

2

1   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

2   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

3   McKeithen, 395 U.S. 411, 421 (1969).

4           The complaint alleges that defendant Michael Steele was instrumental in

5   plaintiff's arrest.  It further alleges defendants Michael and Susan Steele "conspire[d] with the

6   police and District Attorney to fraudulently take plaintiff's property and other business rights by

7   filling out fraudulent and perjur[i]ous affidavits and testimonies during the period from

8   plaintiff's arrest in 2001 till his sentencing in 2005."  Compl., ¶ 7.  Although the claims are for

9   wage loss, loss of family inheritance, emotional strain, loss of property and loss of earning

10  capacity, plaintiff references the constitution as a basis for these claims, including the 5th and 14th

11  Amendments and equal protection.  Plaintiff seeks monetary damages and an injunction

12  preventing defendants from liquidating his property, as well as other relief.

13          Plaintiff appears to be alleging that there was no probable cause to arrest him,

14  because the arrest was based on Michael Steele's misconduct and improper involvement.  The

15  allegations of actions by Michael and Susan Steele following his arrest appear to assert violations

16  of due process protections in regard to his criminal prosecution in state court.

17          As such, this action may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S.

18  Ct. 2364 (1994).  In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for

19  damages.  Claiming that state and county officials violated his constitutional rights, he sought

20  damages for improprieties in the investigation leading to his arrest, for the destruction of

21  evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").

22  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not

23  seek injunctive relief or release from custody.  The United States Supreme Court affirmed the

24  Court of Appeal's dismissal of the complaint and held that:

25              in order to recover damages for allegedly unconstitutional
                conviction or imprisonment, or for other harm caused by actions
26              whose unlawfulness would render a conviction or sentence invalid,

3

> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

Plaintiff's claims against defendants Michael and Susan Steele implicating the validity of his conviction are barred unless the conviction has been invalidated, expunged or reversed.  Accordingly, this complaint is dismissed with leave to amend because there is no claim by plaintiff that his conviction has been invalidated, expunged or reversed.

Furthermore, the constitutional grounds alleged require state action, and the defendants here are not state actors.   In order to state a claim under 42 U.S.C. § 1983,[1] plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  "[P]rivate parties are not generally acting under color of state law, and . . . ' " '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.' " <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir.1984) (citation omitted)."  <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707 -708 (9th Cir. 1991).

\\\\\

---

[1]  42 U.S.C. § 1983 provides: "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

1    Accordingly, the complaint will be dismissed with leave to amend.  Plaintiff is

2  informed that the court cannot refer to a prior pleading in order to make plaintiff's amended

3  complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in

4  itself without reference to any prior pleading.  This is because, as a general rule, an amended

5  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

6  Once plaintiff files an amended complaint, the original pleading no longer serves any function in

7  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

8  involvement of each defendant must be sufficiently alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  The fee shall be collected and paid in accordance with this court's order to the Director of the

13  California Department of Corrections and Rehabilitation filed concurrently herewith.

14    3.  The complaint is dismissed for the reasons discussed above, with leave to file

15  an amended complaint within thirty days from the date of service of this Order.  Failure to file an

16  amended complaint will result in a recommendation that this action be dismissed.

17  DATED: September 16, 2009

18

19    /s/ Gregory G. Hollows

20    GREGORY G. HOLLOWS
     UNITED STATES MAGISTRATE JUDGE

21  GGH:076
     Steele1769.fr.wpd

22

23

24

25

26