IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY STEELE,

    Plaintiff,                    No. CIV S-09-1769 LKK GGH PS

  vs.

MICHAEL STEELE, et al.,        FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        By order of September 16, 2009, plaintiff was informed of the deficiencies in his complaint and given the opportunity to file an amended complaint. Plaintiff's amended complaint has now been reviewed.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

1 | U.S.C. § 1915A(b)(1),(2).

2 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint alleges that defendant Michael Steele was instrumental in plaintiff's arrest. It further alleges defendants Michael and Susan Steele along with newly added defendant district attorney John O'Mara "did conspire to, and acting under 'color of law,' fraudulently take plaintiff's property and other business interests by filling out fraudulent and

perjur[i]ous affidavits and testimonies during the period from [plaintiff's arrest in] 2001 till his sentencing in 2005." A.C., at 2-3. The asserted bases for these claims are the 4th, 5th, 6th, 8th, and 14th Amendments to the Constitution. Plaintiff seeks monetary damages and a variety of injunctive relief, including an order preventing defendants from liquidating his property.

Plaintiff appears to be alleging that there was no probable cause to arrest him, because the arrest was based on Michael Steele's misconduct and improper involvement. The allegations of actions by Michael and Susan Steele, as well as prosecuting attorney John O'Mara following his arrest appear to assert violations of due process protections in regard to his criminal prosecution in state court.

As such, the undersigned previously warned plaintiff that this action may be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994). In <u>Heck</u>, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for

3

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

        Plaintiff's claims against defendants Michael and Susan Steele implicating the validity of his conviction are barred unless the conviction has been invalidated, expunged or reversed.  On amendment, plaintiff does not unequivocally assert that his conviction has been invalidated, expunged or reversed.  The only possible reference to this issue is plaintiff's vague declaration "that state court invalidates original imposition of sentence and that plaintiff accordingly meets all standard legal tests barring this suit from further proceedings." A.C. at 7.  This unclear reference is not sufficient to avoid a Heck bar.

        Furthermore, as the undersigned previously advised plaintiff, the constitutional grounds alleged require state action, and two of the defendants here are not state actors.   In order to state a claim under 42 U.S.C. § 1983,[1] plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  "[P]rivate parties are not generally acting under color of state law, and . . . ' " '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.' "'  <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir.1984) (citation omitted)."  <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707 -708 (9th Cir. 1991).

        As plaintiff continues to allege that Michael and Susan Steele are state actors, and continues to bring his claim under 42 U.S.C. § 1983, these defendants must be dismissed.

        In regard to newly added defendant O'Mara, to the extent that plaintiff seeks allege violations of his civil rights in regard to his criminal prosecution, his claim fails.

---

[1] 42 U.S.C. § 1983 provides: "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

1  Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge
2  activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman,
3  424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a
4  functional analysis.  The classification of the challenged acts, not the motivation underlying
5  them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th
6  Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or
7  investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution,
8  falsification of evidence, coercion of perjured testimony and concealment of exculpatory
9  evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608
10 F.Supp. 710, 728 (N.D. Cal. 1984).
11         As plaintiff already has had the opportunity to cure most of these defects, and
12 prosecutorial immunity is not capable of being cured on amendment, it is recommended that the
13 complaint be dismissed without leave to further amend.
14         In accordance with the above, IT IS HEREBY RECOMMENDED that this action
15 be dismissed with prejudice.
16         These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
18 fourteen days after being served with these findings and recommendations, plaintiff may file
19 written objections with the court.  The document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
21 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
22 Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: January 25, 2010
24                                                        /s/ Gregory G. Hollows

                                                         UNITED STATES MAGISTRATE JUDGE
25
   GGH:076 - Steele1769.fr2.wpd
26